## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| DELAIN DEATHERAGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. _____ |
| VS. | ) Jury Demand |
| | ) |
| HUGHES & COLEMAN, PLLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Delain Deatherage files this Complaint for damages relating to and resulting from the wrongful termination of her employment with defendant Hughes & Coleman, PLCC ("Hughes & Coleman") in violation of Tennessee common law and the Tennessee Public Protection Act, Tenn. Code Ann. § 50-1-304. Plaintiff also asserts a claim for tortious outrage under Tennessee common law. As cause for her complaint, plaintiff would show the Court as follows:

## IDENTIFICATION OF THE PARTIES

1. Plaintiff is a resident of Davidson County, Tennessee.

2. Defendant Hughes & Coleman is a Kentucky professional limited liability company having its principal place of business in Kentucky. Defendant Hughes & Coleman engages in the legal service business in Davidson County, Tennessee. Defendant Hughes & Coleman can be served with process through its registered agent, J. Marshall Hughes, 446 James Robertson Parkway, Suite 100, Nashville, Tennessee 37219.

## STATEMENT OF JURISDICTION AND VENUE

3. This is an action between citizens of different states where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost. The Court has original jurisdiction under 28 U.S.C. § 1332(a)(1). Venue is proper under 28 U.S.C. § 1391.

## FACTUAL AVERMENTS

4. In October 2007, plaintiff became employed at will as an attorney with defendant Hughes & Coleman. Plaintiff worked hard and did an exemplary job at her work with defendant Hughes & Coleman. Prior to her termination, defendant Hughes & Coleman never counseled or reprimanded plaintiff or criticized her work in any way.

5. In addition to being employed as an attorney with defendant Hughes & Coleman, plaintiff began a personal relationship and, on August 8, 2009, married Joseph Marshall Hughes, II, Co-Chief Operating Officer of defendant Hughes & Coleman and the son of one of defendant Hughes & Coleman's principals. Plaintiff's personal relationship and marriage did not violate any policy or work rule at defendant Hughes & Coleman.

6. In early 2011, plaintiff learned that her husband (and defendant's Co-Chief Operating Officer) was engaging in criminal activity by soliciting prostitutes in violation of Tennessee law.

7. Plaintiff additionally and subsequently learned that her husband (and defendant's Co-Chief Operating Officer) was engaging in sexually inappropriate and harassing activity with a subordinate employee at defendant Hughes & Coleman's Clarksville, Tennessee office in violation of Tennessee public policy and law.

8. Plaintiff confronted Joseph Marshall Hughes, II and defendant Hughes & Coleman, through its principal J. Marshall Hughes about Joseph Marshall Hughes, II's illegal and inappropriate activity in violation of Tennessee public policy and law.

9. After plaintiff reported and disclosed defendant Joseph Marshall Hughes, II's illegal and inappropriate activity to defendant Hughes & Coleman, defendant Hughes & Coleman instructed plaintiff to keep the matter confidential. In fact, defendant Hughes & Coleman through its Human Resources Director approached plaintiff with a memorandum acknowledging that it had "become aware of certain inappropriate conduct engaged in by employees of the firm" and instructed plaintiff that the "matter [was] being investigated in a confidential and professional manner" and that defendant Hughes & Coleman expected plaintiff to keep the matter "confidential." A copy of this memorandum is attached to this complaint.

10. Plaintiff disclosed the criminal activity of Joseph Marshall Hughes, II (defendant Hughes & Coleman's Co-Chief Operating Officer) in divorce proceedings filed in Davidson County, Tennessee. As a part of the divorce settlement in the case, Joseph Marshall Hughes, II and defendant Hughes & Coleman, through its principal J. Marshall Hughes, insisted that the divorce case, including the information about defendant Hughes & Coleman's Co-Chief Operating Officer, be sealed from public view.

11. After Joseph Marshall Hughes, II and defendant Hughes & Coleman, through it's principal J. Marshall Hughes, instructed plaintiff to remain silent about defendant Joseph Marshall Hughes, II's illegal and inappropriate activity and caused

plaintiff's divorce record to be sealed from public view, defendant Hughes & Coleman met with plaintiff and terminated her employment.

12. Defendant Hughes & Coleman reported to plaintiff that it was terminating her employment because of "restructuring" in her department, but defendant Hughes & Coleman's stated reason is a pretext.

13. In fact, defendant Hughes & Coleman terminated plaintiff's at-will employment relationship in retaliation for her disclosing the criminal activity of Joseph Marshall Hughes, II, defendant Hughes & Coleman's Co-Chief Operating Officer, and because she would not agree to remain silent about such activity.

14. As a direct result of defendant's actions, plaintiff has suffered damages.

### Count 1 – Claim For Violation of the Tennessee Public Protection Act

15. Plaintiff hereby incorporates and realleges the factual averments as set forth in paragraphs 1 through 14 herein.

16. Defendant Hughes & Coleman terminated plaintiff's at-will employment relationship in retaliation for her disclosing the criminal activity of Joseph Marshall Hughes, II, defendant Hughes & Coleman's Co-Chief Operating Officer, and because she would not agree to remain silent about such activity.

17. Defendant's action was in violation of the Tennessee Public Protection Act, T.C.A. § 50-1-304.

18. As a result of its actions, defendant is liable to plaintiff in an amount to be determined by the jury for the damages plaintiff has incurred as well as for punitive damages.

19. As a result of its actions, defendant is liable for plaintiff's attorney's fees.

20. As a result of its actions, defendant is obligated to make plaintiff whole for all lost earnings and benefits, including for front pay.

### Count 2 – Claim For Common Law Retaliatory Discharge

21. Plaintiff hereby incorporates and realleges the factual averments as set forth in paragraphs 1 through 20 herein.

22. A substantial factor in defendant's termination of plaintiff's at-will employment relationship was plaintiff's disclosing the criminal activity of Joseph Marshall Hughes, II and her refusal to agree to remain silent about such activity.

23. Defendant's action was in violation of the Tennessee common law prohibiting retaliatory discharge in violation of the public policy of the State of Tennessee.

24. As a result of its actions, defendant is liable to plaintiff in an amount to be determined by the jury for the damages plaintiff has incurred as well as for punitive damages.

25. As a result of its actions, defendant is liable for plaintiff's attorney's fees.

26. As a result of its actions, defendant is obligated to make plaintiff whole for all lost earnings and benefits, including for front pay.

### Count 3 – Claim For Outrage

27. Plaintiff hereby incorporates and realleges the factual averments as set for in paragraphs 1 through 26 herein.

28. Defendant's actions constitute tortious outrage.

29. Defendant's actions have caused plaintiff to suffer severe emotional distress and mental injury.

30. As a result of defendant's outrageous actions, defendant is liable to plaintiff in an amount to be determined by the jury for the mental injury and emotional distress it has caused.

31. As a result of defendant's outrageous actions, defendant is liable to plaintiff for punitive damages in an amount to be determined by the jury.

**WHEREFORE,** premises considered, plaintiff demands the following relief:

1. An award of compensatory and punitive damages against defendant in an amount to be determined by the jury;

2. An award of front pay;

3. An award of attorney's fees and prejudgment interest;

4. A jury for the trial of this action; and

5. Such other, further and general relief to which she may be entitled.

Stephen W. Grace, No. 14867
1019 16th Avenue, South
Nashville, Tennessee 37212
(615) 255-5225
Attorney for Plaintiff